**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| CURTIS GABRIEL, § | |
| (Former TDCJ No. 522014) § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION H-06-921 |
| § | |
| HEAD OF TDCJ, *et al.,* § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

Curtis Gabriel, a former inmate of the Texas Department of Criminal Justice, filed this lawsuit alleging civil rights violations during his incarceration. Gabriel, proceeding *pro se,* sues the "Head" of the TDCJ, the "Head" of the TDCJ Classification Department, and the "Head" of the Parole Board. Gabriel moves to proceed as a pauper under 28 U.S.C. § 1915.

Because Gabriel's claims are duplicative of claims raised in a prior lawsuit, constitute an improper challenge to this court's ruling in that lawsuit, and are barred by the statute of limitations, this suit is dismissed by separate order.

**I.     Plaintiff's Allegations**

Gabriel states that the defendants held him for over ten years under an eight-year sentence that began on July 19, 1989. On August 2, 1994, Gabriel received a new sentence for an offense he committed in the penal institution. Under parole rules, the sentence for this kind of offense must start on the date of the offense. Gabriel served three calendar years for

the new offense. Accordingly, he alleges that July 19, 1997 was his release date. However, the defendants did not release him until April 13, 2000. Gabriel was on parole until April 2004, when he was returned to prison. Gabriel argues that he was a "ward of the State" during his imprisonment and parole. Gabriel maintains that because he "falls in the guidelines of the statute of limitations . . . . as a ward of the State," the two-year statute of limitations has not expired.

Gabriel seeks monetary relief for mental anguish.

## II.   Discussion

### A.   The Claims Are Duplicative

Gabriel's claims duplicate claims he made in a prior lawsuit filed in this court, *Gabriel v. Johnson*, Civil Action No. H-04-467. Duplicative or repetitive claims already litigated are considered frivolous or malicious under 28 U.S.C.§ 1915(e)(2)(B), § 1915A(b). *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989) (frivolous); *Hill v. Estelle*, 423 F. Supp. 690 (S.D. Tex. 1975) (malicious). Because this case is duplicative of Gabriel's prior case filed in this court, it is frivolous and malicious under 28 U.S.C.§1915(e)(2)(B) and § 1915A(b).

### B.   The Wrong Remedy

Besides raising the same claims made in Civil Action No. H-04-467, Gabriel adds the contention that because he was imprisoned, the statute of limitations was tolled. Gabriel argues that the court erroneously dismissed his prior lawsuit as time-barred.

Gabriel cannot challenge the court's earlier ruling by suing again in federal district court. The proper remedy for Gabriel's complaint about the outcome of his prior lawsuit is the appellate process, not a new lawsuit. *See Mason v. Judges of the United States Court of Appeals*, 952 F.2d 423, 426 (D.C. Cir. 1991) ("We know of no basis upon which a district court may entertain an independent action to modify a judgment of a court of appeals, and particularly when that judgment affirmed a prior judgment of that district court."); *Blake v. Costantino*, 710 F. Supp. 450, 451 (E.D.N.Y. 1989) ("This court will not circumvent [the appellate process] by allowing plaintiff to attack the Bankruptcy Court's ruling collaterally, in a civil suit.") (quotation omitted); *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1392-93 (9th Cir. 1987) ("To allow a district court to grant injunctive relief against . . . the district court . . . would be to permit, in effect, a 'horizontal appeal' from one district court to another . . . . . Such collateral attacks on the judgments . . . of federal courts are improper.") (footnotes omitted). Gabriel cannot revisit this court's prior decision in a new lawsuit.

    **C.**    **The Time Bar Still Applies**

Gabriel's challenge to the prior limitations ruling has no merit because his imprisonment did not toll the statute of limitations. This court's prior determination on limitations stands.

In section 1983 cases, the federal courts apply the forum state's general personal injury statute of limitations. *Burge v. Parish of St. Tammany,* 996 F.2d 786, 788 (5th Cir. 1993) (citing *Hardin v. Straub,* 490 U.S. 536, 538-39 (1989)). A federal court should also

3

apply the state's tolling provisions. *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992). Before September 1, 1987, Texas law suspended the running of the limitations period against imprisoned persons. *Henson-El v. Rogers*, 923 F.2d 51, 52 (5th Cir. 1991); *see* former Tex. Rev. Civ. Stat. Ann. art. 5535 (Vernon 1967) (repealed). After that date, the statute of limitations is unaffected by imprisonment. *Jackson,* 950 F.2d at 265.

As the court previously determined, Gabriel's claims arise from his incarceration ending in April 2000. Gabriel did not file his prior lawsuit until February 6, 2004, well after the statute of limitations had run. The statute of limitations bars Gabriel from asserting his civil rights claims against the defendants in this later lawsuit.

### III.    Conclusion

The action filed by Curtis Gabriel is dismissed because it is duplicative and frivolous, because it is an improper attack on a prior ruling, and because it is barred by limitations.

Gabriel's Motion to Proceed *In Forma Pauperis* [Docket Entry No. 3] is granted. The Harris County Jail is ordered to deduct 20% of each deposit made to Curtis Gabriel's inmate account and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire filing fee ($250.00) has been paid.

The Clerk will provide a copy of this Order to Sergeant Mac McKinney, Inmate Trust Fund, 1301 Franklin, Houston, Texas 77002, and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Betty Parker.

SIGNED on April 6, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge